[No. 1228.  Decided February 27, 1894.]

*In the Matter of the Estate of H. C. Clement, deceased:*
CHARLES S. HINCHMAN, *Respondent*, v. MARY J. CLEM-
ENT, *Executrix*, AND FIDELITY TRUST COMPANY, *Execu-*
*tor, Appellants.*

DECEDENT'S ESTATE — SALE TO PAY MORTGAGE DEBT — AT-
TORNEY FEES.

The provision of § 1035, Code Proc., allowing the sale of a dece-
dent's mortgaged property for the purpose of satisfying the mort-
gage debt, if the decedent "shall not have devised the same," merely
limits the sale in case of a specific devise, and has no application to
cases where the property has been devised to a residuary legatee.
(DUNBAR, C. J., dissents.)

In ordering a sale of a decedent's mortgaged real estate to pay
the mortgage thereon, under Code Proc., § 1035, it is error for the
court to award an attorney's fee as upon foreclosure to the holder
of the mortgage.

*Appeal from Superior Court, Pierce County.*

*Doolittle & Fogg,* for appellants.

*Seymour, Stevens & Sharpstein,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Respondent was the holder of a mortgage
upon certain real property belonging to the estate of
Horatio C. Clement, deceased.  He filed his petition to
have the property redeemed by the executors of the estate,
as provided in § 1035 of the Code of Procedure.  A hear-
ing upon such petition was regularly had, and under the
provisions of that section and §§ 1036 and 1037, the court,
having determined that it was not for the best interest of
the estate that the executors should redeem with the pro-
ceeds of other property of the estate, made an order that
the property be sold under the provisions of said § 1037.
To reverse such order this appeal has been prosecuted.  It

is alleged that the court erred: (1) In finding the property not to have been specifically devised; (2) in ordering the sale of the property, the same having been willed to a devisee; and (3) in allowing an attorney's fee as for suit brought to collect the note and mortgage.

It will be seen that, excepting as to the question of the attorney's fee, the only reason given by the appellants for the reversal of the order is, that the property having been specifically devised by the deceased, the proceedings in reference thereto were not authorized by the statute under which they were instituted. As to whether or not it was so devised must depend upon the construction to be given to the language used in said § 1035. This section provides that, "if any person die, having mortgaged any real or personal estate, and shall not have devised the same, or provided for the redemption thereof by will, the court, upon the application of any person," etc.

The contention of the appellants is, that the property upon which respondent's mortgage rested had been devised within the meaning of this section, and that for that reason the making of the order was erroneous. The will of the deceased party made certain specific devises not covering the property in question, and then bequeathed unto his wife Mary J. Clement for her sole use and benefit the entire residue of his estate to do with as she saw fit, and bequeath to whomsoever she should desire. The property in question was covered by the clause which made the wife the residuary legatee. Did this constitute a devise of it within the meaning of the section under consideration?

The only reason that we can see why the legislature should make any distinction between property devised and that not so devised is, that in the first case the property would, upon being redeemed from the mortgage, pass to the devisee, while in the latter it would become a part of the body of the estate. In the first named case the prop-

erty could not be sold to pay debts if there was property not so devised available for that purpose, while in the latter it could be so sold. And the same rule would apply as between property specifically devised and that which would pass by the terms of the will to the residuary legatee. That specifically devised would have to be kept intact even although the condition of the estate required all the other property to be sold for the payment of debts. If the property had been specifically devised it would not become a part of the body of the estate upon payment of the mortgage, but would pass to the devisee discharged therefrom. If, however, it was covered only by a residuary clause, it would be liable to sale for the purposes of administration regardless of the question as to the amount of other property.

From this it will be seen that unless the property has been so specifically devised as to take it out of the body of the estate, so that the devisee thereof, and not the estate in general, will get the benefit of the payment of the mortgage, there is no reason why the provisions of said section should not have force. Under the provisions of the will this property was not so devised. Upon the payment of the mortgage it would go to swell the body of the estate. It would be first subject to the payment of the debts, and then pass to the residuary legatee. It is no doubt true that for certain purposes a residuary devise may be treated as special, but for the purposes of this proceeding there is no reason why the residuary legatee should be held to occupy a different relation to the property than would an heir. She is simply entitled to that portion of the estate which shall be left after all its obligations have been discharged, and that is what would pass to the heir if there had been no will. Enough appears from the provisions of these sections to show that it was not the intent of the legislature to make them applicable only to intestate es-

tates, and if they should be applied at all where there is a will, there is no reason why they should not apply in such cases as the one under consideration.

Beside, the language of the section is, that the statute shall apply unless the property has been devised, and even without any aid to the construction of the language used it would be reasonable to hold that the property was not devised within the meaning thereof, unless it was specifically by description set apart. The legislature, by the use of such language, may well be held to have intended thereby to provide that the property as such shall have been specifically described in order to exempt it from the force of the section. And when we interpret the language in the light of the other provisions of the statute, and of the evident object of the legislation, it seems clear that such should be its construction. There is no reason for the application of the statute to an estate the body of which will pass to the heir which does not exist when it is to pass to the residuary devisee.

: In our opinion, the lower court correctly construed the statute, and there was no error in its action in ordering the property sold to pay the mortgage. As a part of such order, the court provided that in addition to the amount due upon the mortgage there should be paid to the holder thereof an attorney's fee as upon foreclosure. In so doing we think it committed error. One of the main objects of the statute was to avoid the expense incident to foreclosure. The proceeding was not a suit to collect the debt within the contemplation of the contracting parties.

The order awarding the sale of the property will be affirmed, except that it will be so modified as not to authorize the payment to the respondent of the attorney's fee. Neither party will recover costs upon the appeal.

STILES, ANDERS and SCOTT, JJ., concur.

DUNBAR, C. J. (*dissenting*).—I agree with the majority in the disposition of the order granting the attorney's fee; but not in the construction of § 1035. In fact I do not think the language of the statute is susceptible of construction. The argument of the majority might be a proper one to present to the legislature; but inasmuch as that body has seen fit to limit the application of this remedy to property not devised, I am not inclined to amend the act by construction, which can only be done by interpolating the word "specifically" before the word "devised."